# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANGELA BARNEY

v.

THE TJX COMPANIES, INC. D/B/A T.J. MAXX

No. 2018-L-002259

Defendant Address:
THE TJX COMPANIES, INC. D/B/A T.J. MAXX
1008 S. CANAL STREET
CHICAGO, IL 60607

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 57093
Name: LEVIN DAVID BRIAN
Atty. for: ANGELA BARNEY
Address: 111 W JACKSON #1700
City/State/Zip Code: CHICAGO, IL 60604
Telephone: (312) 212-4355
Primary Email Address: dlevin@toddflaw.com
Secondary Email Address(es):
helen.seely@toddflaw.com

Witness: Friday, 02 March 2018

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

DIE DATE
03/26/2018

DOC.TYPE: LAW
CASE NUMBER: 18002259
DEFENDANT
THE TJX COMPANIES INC DBA T J MAXX
1008 S CANAL ST
CHICAGO, IL 60607

SERVICE INF
RM 801

ATTACHED

DIE DATE
03/26/2018

DOC.TYPE: LAW
CASE NUMBER: 18002259
DEFENDANT
THE TJX COMPANIES INC DBA T J MAXX
1008 S CANAL ST
CHICAGO, IL 60607

SERVICE INF
RM 801

ATTACHED

```
CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM. 801 DALEY CTR.
CHICAGO, IL. 60602


ID: LD2018L002259   20180302000003
AT: LEVIN DAVID BRIAN
TO: DLEVIN@TODDFLAW.COM


          * * * * *  N O T I C E  * * * * *

               CASE  18-L-002259


BARNEY ANGELA             V.      THE TJX COMPANIES, INC. D
THERE WILL BE A CASE MANAGEMENT CALL OF YOUR CASE ON THURSDAY
THE 26TH DAY OF APRIL IN ROOM 2210 AT  9:30 A.M. AT THE
DALEY CENTER COURT HOUSE, 50 WEST WASHINGTON STREET, CHICAGO, IL
```

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
CALENDAR: E
PAGE 1 of 14
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION**

| | |
|---|---|
| ANGELA BARNEY,<br><br>    Plaintiff,<br><br>v.<br><br>THE TJX COMPANIES, INC. d/b/a<br>T.J. MAXX,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, ANGELA BARNEY, by and through her attorneys, and for her Complaint against the Defendant, THE TJX COMPANIES, INC. d/b/a T.J. MAXX, Plaintiff alleges and states as follows:

### BACKGROUND FACTS

1. At all times relevant herein, Plaintiff, was a resident of Chicago, Cook County, Illinois.

2. On information and belief, Defendant is a corporation of the State of Delaware, which is authorized to do business in the State of Illinois and whose principal place of business in Framingham, Massachusetts.

3. Plaintiff began her employment with Defendant on or about August 11, 2015.

4. Plaintiff was employed at Defendant's store in Chicago, Cook County, Illinois.

5. Plaintiff's most recent position with Defendant was as a Merchandise Associate.

6. Throughout her employment with Defendant, Plaintiff performed the duties of her jobs to all of Defendant's legitimate business expectations.

7. Plaintiff is a member of a protected class based on her gender, female, and based

on her pregnancy during the time of the relevant events set forth below.

8. During or about December of 2015, Plaintiff learned that she was pregnant.

9. During or about one day in January of 2016, Plaintiff was forced to leave work early due to complications with her pregnancy. Plaintiff experiences bleeding and feared that she had suffered a miscarriage.

10. Prior to leaving work, Plaintiff informed Anna (last name unknown), a store manager, that the reason she was leaving was due to problems stemming from her pregnancy.

11. Upon returning to work, Plaintiff spoke with Marcus Booker ("Booker"), another store manager, and requested a reasonable accommodation of not being required to do heavy lifting during her pregnancy.

12. In some instances Booker did not require Plaintiff to lift certain heavier merchandise, but in other instances, Booker still required Plaintiff to lift other heavy items.

13. During or about February of 2016, Booker told Plaintiff that while he was not a woman and he had never been pregnant before, he thought she was moving too slowly and needed to perform her job more quickly.

14. Shortly thereafter, Booker waited outside of the bathroom for Plaintiff while she was suffering from the effects of morning sickness related to her pregnancy.

15. Booker told Plaintiff that he did not believe that she was suffering the effects of morning sickness and wanted her to return to work.

16. On or about March 24, 2016, Plaintiff was late to work due to Chicago Transit Authority ("CTA") train delays.

17. Due to Plaintiff's CTA train being delayed by more than twenty minutes, a station manager gave Plaintiff a train delay notice.

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 2 of 14

18. The CTA representative that issued the train delay notice circled the number five on the train delay notice and wrote the number five on the notice. This was done to indicate the approximate time that the note had been issued and not the amount of time by which the trains were delayed.

19. Upon arriving at work, Plaintiff presented Brenda (last name unknown), another store manager, with the train delay notice provided to her by the CTA representative.

20. On or about March 25, 2016, Plaintiff suffered an adverse employment action when Booker informed Plaintiff that Defendant was terminating her employment.

21. Booker accused Plaintiff of forging part of the train delay notice by writing the number five to indicate that the CTA trains were running five minutes late.

22. During the time of Plaintiff's employment with Defendant, many other employees were late to work on a regular basis, but were not terminated as a result. These employees included, but were not limited to Valerie (a female employee; last name unknown), Kartan (a male employee; last name unknown), and Ms. Maxwell (a female employee; first name unknown). On information and belief, none of these individuals was pregnant at that time.

23. Thus, Defendant treated similarly situated employees outside of Plaintiff's protected classes more favorably than it treated Plaintiff.

24. Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights on or about September 15, 2016. A copy of said charge is attached hereto as Exhibit 1.

25. The Illinois Department of Human Rights issued a Notice of Dismissal on or about December 4, 2017 that included a right to file suit in the appropriate state circuit court within 90 days. A copy of said Notice of Dismissal is attached hereto as Exhibit 2.

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 3 of 14

## COUNT I
## VIOLATION OF THE ILLINOIS HUMAN RIGHTS ACT

26. Plaintiff hereby adopts and re-alleges paragraphs 1 through 25 of her Complaint as if fully set forth herein.

27. Defendant is an "employer," as defined in 775 ILCS 5/2-101(B) as, on information and belief, it is a "person" employing 15 or more employees within Illinois during 20 or more calendar weeks within the calendar year of or preceding the violations alleged herein.

28. Plaintiff is an "employee" as defined in 775 ILCS 5/2-101(A)(1)(a) as she was an individual performing services for remuneration within Illinois for an employer, the Defendant herein.

29. It is the public policy of this State "[t]o secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service in connection with employment. 775 ILCS 5/1-102.

30. It is a civil rights violation in this State "[f]or any employer to refuse to hire, to segregate, or to act with respect to recruitment, hiring, promotion, renewal of employment, selection for training or apprenticeship, discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of unlawful discrimination or citizenship status." 735 ILCS 5/2-102.

31. Defendant's actions as alleged above constituted a civil rights violation in relation to Plaintiff's employment with Defendant.

32. A party aggrieved by a civil rights violation may commence a civil action in Circuit Court and the court may award to the plaintiff actual and punitive damages, and may grant as relief,

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 4 of 14

as the court deems appropriate, any permanent or preliminary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such civil rights violation or ordering such affirmative action as may be appropriate. In addition, the court, in its discretion, may allow the prevailing party reasonable attorneys' fees and costs. 775 ILCS 5/10-102.

33. "Women affected by pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, regardless of the source of the inability to work or employment classification or status." 775 ILCS 5/2-102(I)

34. Plaintiff filed timely charges and complaints of discrimination with the Illinois Department of Human Rights and has received Notices of Dismissal in relation thereto. Plaintiff has therefore exhausted her administrative remedies under Illinois law.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    a. Declaring Defendant's practices complained of herein unlawful and in violation of the Illinois Human Rights Act;

    b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable State law;

    c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 5 of 14

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 6 of 14

of applicable law, ensuring Defendant will not continue to discriminate on the basis of gender and/or Plaintiff's pregnancy;

d. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

e. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

f. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

g. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct and granting such other relief as may be just and proper.

RESPECTFULLY SUBMITTED,

ANGELA BARNEY

By: _____

David B. Levin (57093)
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (888) 595-9111, ext. 633
Fax: (866) 633-0228
dlevin@toddflaw.com

## AFFIDAVIT PURSUANT TO ILINOIS SUPREME COURT RULE 222(b)

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

The undersigned attorney for Plaintiff hereby certifies that the total of money damages sought in this Complaint does exceed $50,000, exclusive of interest, costs and attorneys' fees.

David B. Levin (57093)
Attorney for Plaintiff
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (888) 595-9111, ext. 633
Fax: (866) 633-0228
dlevin@toddflaw.com

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 7 of 14

**STATE OF ILLINOIS**
**ILLINOIS DEPARTMENT OF HUMAN RIGHTS**

| | |
|---|---|
| **CHICAGO OFFICE** | **SPRINGFIELD OFFICE** |
| DEPARTMENT OF HUMAN RIGHTS | DEPARTMENT OF HUMAN RIGHTS |
| 100 W RANDOLPH ST., SUITE 10-100 | 222 S. COLLEGE ST., ROOM 101 |
| CHICAGO, ILLINOIS 60601 | SPRINGFIELD, ILLINOIS, 62704 |
| (312) 814-6200 | (217) 785-5100 |
| (866) 740-3953 (TTY) | (866) 740-3953 (TTY) |

CHARGE NO: _____

**CHARGE OF DISCRMINIATION**

```
Dept. of Human Rights
   INTAKE UNIT
    SEP 15 2016
     RECEIVED
By:
```

**COMPLAINANT**

Name  Angela Barney
Address  7623 South Laflin Street
City, State ZIP  Chicago, IL 60620
Telephone Number  (773) 297-4156

I believe that I have been personally aggrieved by a civil rights violation committed on

(date/s of harm):  March 25, 2016 _____ , by:

**RESPONDENT**

Name  The TJX Companies, Inc d/b/a
Address  1008 S. Canal Street
County  Cook
City, State ZIP  Chicago, IL 60607
Telephone Number  (312) 588-0237

**SEE ATTACHED**

I, Angela Barney _____ on oath or affirmation state that I am Complainant herein, that I have read the foregoing charge and know the contents thereof, and that the same is true and correct to the best of my knowledge.

*Angela Barney* (signature)
Complainant's Signature and Date

Subscribed and Sworn to

Before me this __15__ day
of __September__, 20_16_.

*Olga Vidmar* (signature)
Notary Public Signature

```
"OFFICIAL SEAL"
OLGA VIDMAR
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 07/10/2017
```

Notary Stamp

IDHR Form #6
Rev. 05/15

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 8 of 14

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 9 of 14

## SUPPLEMENT TO CHARGE OF DISCRIMINATION OF ANGELA BARNEY v. THE TJX COMPANIES, INC. d/b/a T.J. MAXX

I.     A.     ISSUES/BASIS

Discharge – March 25, 2016, because of my sex, female, and because I was pregnant at the time.

B.     PRIMA FACIE ALLEGATIONS

1. I am a woman and I was approximately four months pregnant on March 25, 2016. My baby was born on August 12, 2016.

2. I was discharged on March 25, 2016. The reason given by my supervisor, Marco B. (I cannot recall his complete last name), was that I was late to work on a date approximately one month prior. On the day I was terminated, I was 22 minutes late but I had a note from Chicago Transit Authority. I left my home in plenty of time to get to work on time, but I was delayed due to the trains running late that day.

3. I performed all of my job duties in a satisfactory manner. The only thing I could not do was lift heavy items. At one point, I nearly had a miscarriage and I had to go to the hospital. The doctor told me that I was not to lift any heavy objects for the balance of my pregnancy. I began my employment with Respondent in an internship program in June of 2015, which lasted about five weeks. I was hired part-time in August of 2015 and eventually hired full-time in December of 2015.

4. Many other employees were late to work on a regular basis but they did not lose their jobs. These employees include a woman named Valerie, another woman whose first name I cannot recall but whose last name is Maxwell, and a man named Kartan (spelling may be incorrect). I believe that in my case, being late on a few occasions was used as an excuse to fire me when the real reason Marco terminated me was because I was pregnant.

**EXHIBIT 2**

**STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:

ANGELA BARNEY,

        COMPLAINANT,      CHARGE NO.  2017CF0560
                                                     EEOC NO.    21BA62212

AND

TJ MAXX OF IL LLC D/B/A TJ MAXX,

        RESPONDENT.

**NOTICE OF DISMISSAL
FOR LACK OF SUBSTANTIAL EVIDENCE**

David B. Levin                                     Vanessa K. Hackett
Law Offices of Todd M. Friedman, P.C.      Senior Attorney
111 W. Jackson Blvd.                        The TJX Companies, Inc.
Suite 1700                                            770 Cochituate Rd.
Chicago, IL 60604                          Framingham, MA 01701

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 10 of 14

DATE OF DISMISSAL: **December 4, 2017**

1. YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the Department has determined that there is NOT substantial evidence to support the allegation(s) of the charge. Accordingly, pursuant to Section 7A-102(D) of the Act (775 ILCS 5/1-101 et seq.) and the Department's Rules and Regulations (56 Ill. Adm. Code. Chapter II, §2520.560) the charge is HEREBY DISMISSED.

2. If Complainant disagrees with this action, Complainant may:

   a) Seek review of this dismissal before the Illinois Human Rights Commission (Commission), 100 West Randolph Street, Suite 5-100, Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission by the request for review filing date below. Respondent will be notified by the Commission if a Request for Review is filed.

   **REQUEST FOR REVIEW FILING DEADLINE DATE: March 9, 2018**

   Or, Complainant may:

   b) Commence a civil action in the appropriate state circuit court within ninety (90) days after receipt of this Notice. A complaint should be filed in the circuit court in the county where the civil rights violation was allegedly committed.

Page 2
Notice of Dismissal for Lack of Substantial Evidence
Charge No. 2017CF0560

If you intend to exhaust your State remedies, please notify the Equal Employment Opportunity Commission (EEOC) immediately. The EEOC generally adopts the Department's findings. The Appellate Courts in <u>Watkins v. Office of the State Public Defender</u>, ___ Ill.App.3d ___, 976 N.E.2d 387 (1st Dist. 2012) and <u>Lynch v. Department of Transportation,</u> ___ Ill.App.3d ___, 979 N.E.2d 113 (4th Dist. 2012), have held that discrimination complaints brought under the Illinois Human Rights Act ("IHRA") against the State of Illinois **in the Illinois Circuit Court** are barred by the State Lawsuit Immunity Act. (745 ILCS 5/1 et seq.). Complainants are encouraged to consult with an attorney prior to commencing a civil action in the Circuit Court against the State of Illinois.

**PLEASE NOTE: The Department cannot provide any legal advice or assistance. Please contact legal counsel, your city clerk, or your county clerk with any questions.**

3. Complainant is hereby notified that the charge(s) will be dismissed with prejudice and with no right to further proceed if a timely request for review is not filed with the Commission, or a timely written complaint is not filed with the appropriate circuit court.

4. If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Human Rights Commission, within fifteen days of the Human Rights Commission's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

**PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL (312) 869-8000 OR (800) 669-4000.**

DEPARTMENT OF HUMAN RIGHTS
Janice Glenn
Acting Director

HB1509/HB59 NOD/LSE
12/16

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 11 of 14

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF:

ANGELA BARNEY,

        COMPLAINANT,

AND

TJ MAXX OF IL LLC D/B/A TJ MAXX,

        RESPONDENT.

CHARGE NO. 2017CF0560
EEOC NO. 21BA62212

## REQUEST FOR REVIEW

David B. Levin
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd.
Suite 1700
Chicago, IL 60604

Vanessa K. Hackett
Senior Attorney
The TJX Companies, Inc.
770 Cochituate Rd.
Framingham, MA 01701

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 12 of 14

**TO:** David B. Levin

**DATE:** December 4, 2017

**REQUEST FOR REVIEW FILING DEADLINE DATE: March 9, 2018**

I hereby request that the dismissal of the charge by the Illinois Department of Human Rights (Department) be reviewed by the Illinois Human Rights Commission (Commission).

Complainant's Current Address (please print clearly):

_____ Apt/Unit #_____

City_____ State_____ Zip_____ Phone (___)_____

Page 2
Request for Review
Charge No. 2017CF0560

IN THE SPACE PROVIDED BELOW, YOU <u>MUST</u> LIST AND DESCRIBE THE SPECIFIC REASONS THAT THE CHARGE SHOULD NOT HAVE BEEN DISMISSED. If applicable, you may write on the back of this form or attach additional information or documents, which support your Request for Review. You may review your investigation file to help you prepare your request by calling (312) 814-6262 or (217) 785-5100. The Department's investigation file may be reviewed or copied upon request once the Department's investigation has been completed. The Department is not responsible for copy service fees. A minimum of three (3) business days' notice is required. Call (312) 814-6262 to make arrangements.

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 13 of 14

_____          _____
SIGNATURE                                                      DATE

<u>YOU MUST ENCLOSE THE ORIGINAL AND THREE COPIES, INCLUDING SUPPORTING DOCUMENTS, OF YOUR ENTIRE REQUEST AND YOU MUST SIGN, DATE AND HAVE THIS FORM POSTMARKED OR HAND DELIVERED BY THE FILING DEADLINE DATE ABOVE, TO:</u>

Illinois Human Rights Commission, 100 West Randolph Street, Suite 5-100, Chicago, IL 60601; Telephone: (312) 814-6269; TDD: (312) 814-4760.

Please note that pursuant to Section 5300.410 of the Commission's Procedural Rules (56 Ill. Admin. Code §5300.410), except by permission of the Commission, the request, argument and supporting materials shall not exceed 30 pages.

Further, note that pursuant to 56 Ill. Admin. Code § 5300.40(b) of the Commission's Procedural Rules, all arguments in support of the Request for Review must be written on 8 ½" x 11" paper. Any argument submitted on non-conforming paper, such as a "post-it" note, will not be considered part of the Request for Review and will be disregarded by the Commission.

**THIS FORM MAY NOT BE SENT VIA TELEFAX.**
HB1509/HB59 HRC R/R 1/17

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

CHARGE NO. 2017CF0560

## AFFIDAVIT OF SERVICE

Veronica L. Lewis, deposes and states that she served a copy of the attached **NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE** on each person named below by depositing the same this 4th day of December, 2017, in the U.S. Mail Box at 100 West Randolph Street, Chicago, Illinois, properly posted for FIRST CLASS MAIL, addresses as follows:

---

David B. Levin
Law Offices of Todd M. Friedman, P.C.
111 W. Jackson Blvd.
Suite 1700
Chicago, IL 60604

Vanessa K. Hackett
Senior Attorney
The TJX Companies, Inc.
770 Cochituate Rd.
Framingham, MA 01701

ELECTRONICALLY FILED
3/2/2018 10:20 AM
2018-L-002259
PAGE 14 of 14

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

*Veronica Lewis*
Veronica Lewis

**PLEASE NOTE:**

The above-signed person is responsible only for mailing these documents. If you wish a review of the findings in this case you must complete the Request for Review form attached. Illinois Department of Human Rights staff are not permitted to discuss the investigation findings once a Notice of Dismissal has been issued.